UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JERRY VANDIVER,

       Plaintiff,                                Hon. Janet T. Neff

v.                                                       Case No. 1:10 CV 41

CORRECTIONAL MEDICAL
SERVICES, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for an Order Revoking Plaintiff's *In Forma Pauperis* Status</u>. (Dkt. #12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

Plaintiff initiated this action on January 4, 2010. On January 20, 2010, the Court granted Plaintiff's motion to proceed as a pauper, despite the fact that Plaintiff has "three strikes" within the meaning of 28 U.S.C. § 1915(g).[1] (Dkt. #6). In its Order granting Plaintiff's request to proceed as a pauper, the Court did not address the fact that Plaintiff has "three strikes." Defendants now move to revoke Plaintiff's *in forma pauperis* status.

In his complaint, Plaintiff asserts that "on or about August 17, 2007," prison officials implemented policy changes concerning the availability of diabetic inmates to obtain "special diets." Plaintiff asserts that as a result of these policy changes, he suffered adverse consequences, including

---

[1] Plaintiff has on more than three previous occasions filed federal civil rights actions that were subsequently dismissed as frivolous or for failure to state a claim on which relief may be granted. *See*, e.g., *VanDiver v. Vasbinder*, Opinion, no. 2:08-cv-10508 (E.D. Mich., Aug. 4, 2008).

blurred vision and partial foot amputation. Plaintiff asserts that he "continues to suffer los[s] of his diabetic diet" which places him in "imminent danger of serious physical injury." The Court notes that Plaintiff does not allege that he is being (or ever was) deprived of any diet prescribed by a medical professional or dietician. To the contrary, Plaintiff concedes that the policy in question was designed and implemented with the assistance of a medical doctor. Instead, Plaintiff is upset that prison officials made the decision to "limit or eliminate special diets for insulin dependent diabetics and instead teach them how to 'eat right.'"

As Defendants correctly note, the allegations in Plaintiff's complaint concern actions that occurred more than two years prior to the initiation of the present action. Accordingly, Defendants assert that Plaintiff's *in forma pauperis* status must be revoked because his allegations "make no showing that he faced imminent danger of physical injury" when he initiated the present action. Plaintiff responds that he need not demonstrate that he was in imminent danger when he initiated this matter, but only need establish that he was in imminent danger at some previous time.

The Court finds that Plaintiff's action does not fall under the exception for an inmate subjected to "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). While the PLRA does not define the phrase "imminent danger," it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. Imminent is defined as "[n]ear at hand. . .impending; on the point of happening; threatening, menacing, perilous. . .something close at hand, something to happen upon the instant. . .and on the point of happening." Black's Law Dictionary, 514-15 (6th ed. 1991). Imminent is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." Webster's Third New International Dictionary, 1130 (1976). Imminent danger is defined as "such an appearance of threatened and impending injury as

would put a reasonable and prudent man to his instant defense." Black's Law Dictionary, 515 (6th ed. 1991). In a recent decision, the Sixth Circuit observed:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and *the danger of serious physical injury must exist at the time the complaint is filed.* Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible.'"

*Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (internal citations omitted) (emphasis added).

While the Court empathizes with Plaintiff regarding any alleged physical ailments he may have suffered *in the past*, to proceed as a pauper in this matter, he must allege *facts* that indicate that he was in imminent danger of serious physical harm as of January 4, 2010. Plaintiff has failed to do so. It is clear from Plaintiff's complaint that rather than seeking to alleviate any "imminent danger," Plaintiff simply seeks to challenge a long ago enacted prison policy with which he disagrees. Plaintiff's conclusory statement, unsupported by any factual allegations, that he *might*, in the future, suffer physical harm is insufficient to invoke the exception to the general rule that prisoners with a demonstrated history of abusing the litigation process lose the privilege of proceeding as a pauper in federal court. *See, e.g., Tucker v. McCauley*, 2010 WL 2884641 at *2 (E.D. Mich., July 20, 2010) ("[t]he potential threat of amputation of a limb in the future. . .is not sufficient to meet the threshold of 'imminent danger'"); *Simpson v. Correctional Medical Services, Inc.*, 2010 WL 310622 at *2 (W.D. Mich., Jan. 21, 2010) ("[p]laintiff's allegations did not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury"). Moreover,

Plaintiff's argument that he need not allege that he was in imminent danger of serious physical harm as of the date he filed his complaint, is contrary to controlling authority as noted above. Accordingly, the undersigned recommends that Defendants' motion be granted and Plaintiff's *in forma pauperis* status be revoked.

## **CONCLUSION**

As discussed herein, the undersigned recommends that <u>Defendants' Motion for an Order Revoking Plaintiff's *In Forma Pauperis* Status</u>, (dkt. #12), be **granted** and Plaintiff's *in forma pauperis* status be revoked. The undersigned further recommends that if this recommendation is adopted by the Honorable Janet T. Neff, that Plaintiff be required to submit the entire $350.00 filing fee[2] within thirty (30) days of the date of such Order and that if Plaintiff fails to do so this action be dismissed. Any such dismissal will not, however, negate Plaintiff's obligation to pay the filing fee in full.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                            Respectfully submitted,

Date: August 19, 2010                               /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge

---

[2] The Court's records indicate that Plaintiff has not yet made any partial payments in satisfaction of the filing fee. Thus, the entire amount remains outstanding.