UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,                                      Case No. 1:10-cv-41

v.                                                       HON. JANET T. NEFF

CORRECTIONAL MEDICAL SERVICES,
et al.,

        Defendants.
_____/

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, on January 4, 2010, concerning the denial of a diabetic diet (Dkt 1). On January 20, 2010, Plaintiff was granted *in forma paurperis* status, despite the fact that he has "three strikes" within the meaning of 28 U.S.C. § 1915(g)[1] because the Magistrate Judge determined that the allegations of "imminent danger" set forth in his complaint satisfied this statutory exception to the "three-strikes rule" (Dkt 6). Defendants subsequently filed a Motion for an Order Revoking Plaintiff's *In Forma Pauperis* Status, on March 25, 2010 (Dkt 12). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on August 19, 2010, recommending that this Court grant defendants' motion and revoke Plaintiff's *in forma pauperis* status (Dkt 38). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, titled "A Motion in

---

[1]*See VanDiver v. Evans*, No. 03-cv-152 (W.D. Mich. May 13, 2003); *VanDiver v. Kelley*, No. 98-cv-250 (W.D. Mich. Apr. 16, 1999); *VanDiver v. Avery*, No. 89-cv-73116 (W.D. Mich. Nov. 27, 1990).

Opposition to the Magistrate Judge's Report and Recommendation or, Alternatively, Motion to Hold Case in Abeyance" (Dkts 43, 44). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff's objections consist of his disagreement with the Magistrate Judge's interpretation of the "imminent danger" exception found in 28 U.S.C. § 1915(g), namely the requisite timing of the necessary "imminent danger" (Dkt 44 at 3). These objections identify no legal error in the Magistrate Judge's determination that the imminent danger exception does not apply in this case because Plaintiff has failed to show imminent danger at the time the complaint was filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (stating that while the Sixth Circuit has not defined the term "imminent danger" other Circuits have held that for the imminent danger exception to apply to a particular case, the prison condition must be "'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed).

While Plaintiff is correct that the Sixth Circuit has not yet addressed the issue in a published opinion (Dkt 44), the Court must follow the current precedent, which requires that imminent danger be present at the time the complaint is filed, rather than as Plaintiff contends at some point "during the exhaustion . . . of the administrative grievance process" (Dkt 44 at 4). Plaintiff has made no showing that he faced imminent danger of physical injury at the time he initiated the present action more than two years after the alleged offending actions occurred. Thus, the Court agrees that the Magistrate Judge properly concluded that Plaintiff's action does not fall under the exception for an

inmate subjected to "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), and his *in forma pauperis* status is therefore properly revoked.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkts 43, 44) are DENIED and the Report and Recommendation (Dkt 38) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that defendants' Motion for an Order Revoking Plaintiff's *In Forma Pauperis* Status (Dkt 12) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold the Complaint in Abeyance (Dkt 43) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff shall, within 30 days of the date of entry of this Opinion and Order, submit the entire $350.00 filing fee. Failure to submit the entire filing fee will result in dismissal of this case. Any such dismissal will not, however, negate Plaintiff's obligation to pay the filing fee in full.

DATED: December 3, 2010         /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge