UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

Case No. 1:10-cv-41

HON. JANET T. NEFF

## **OPINION AND ORDER**

Pending before the Court are Plaintiff's Objection (Dkt 64) to the Magistrate Judge's Report and Recommendation (R&R) to dismiss Plaintiff's action (Dkt 63); Plaintiff's "Motion for Order in Opposition to Report and Recommendation or, Alternatively, to Hold Case in Abeyance" (Dkt 66); Plaintiff's "Motion for Order to Reinstate *In Forma Pauperis* [IFP] Status" (Dkt 71); and "Motion to Reopen Case" (Dkt 72).[1] Defendants have not filed responses to Plaintiff's motions, though they have responded (Dkt 69) to his Objection.

Plaintiff initiated this action on January 4, 2010, and was granted leave to proceed IFP (Dkts 1, 6). Defendants subsequently moved to revoke Plaintiff's IFP status (Dkt 12). On December 3, 2010, the Court adopted the Magistrate Judge's recommendation (Dkt 38) to grant Defendants' motion to revoke Plaintiff's IFP status. The Court and the Magistrate Judge agreed that

---

[1] Plaintiff's two most recently filed motions (Dkts 71 & 72) are nearly identical; there are only slight differences in formatting.

Plaintiff had "three strikes" against him within the meaning of the Prisoner Litigation Reform Act (PLRA) 28 U.S.C. § 1915(g), and that he had not set forth sufficient allegations of "imminent danger" to satisfy the statutory exception (Dkt 52 at 2). The Order required Plaintiff to pay the $350.00 filing fee within 30 days (Dkt 52). The Magistrate Judge subsequently recommended Plaintiff's suit be dismissed for failure to comply with the Court's Order (Dkt 63).

Plaintiff objects and moves the Court to reconsider its revocation of his pauper status in light of the Sixth Circuit Court of Appeals' decision in an unrelated suit filed by Plaintiff, *Vandiver v. Vasbinder,* No. 08-2602, 2011 WL 1105652 (6th Cir. Mar. 28, 2011), against the staff of G. Robert Cotton Correctional Facility in Jackson, Michigan ("Jackson facility"). In that case, the district court initially granted Plaintiff pauper status. *Id.* at *1. Plaintiff alleged that prison staff denied him special treatment for diabetes and Heptits C in retaliation for "'speaking out' and 'for seeking access to the courts.'" *Id.* The district court, on the defendant's motion, later revoked Plaintiff's pauper status because he had filed more than three previous actions that counted as "strikes" under the PLRA. *Id.* Plaintiff appealed the district court's ruling; the Sixth Circuit agreed that Plaintiff was in "imminent danger" within the meaning of § 1915(g) of the PLRA. *Id.* at *3. According to the Sixth Circuit, the imminent danger exception is "essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* at *5. Moreover, § 1915(g) only requires a plaintiff to sufficiently allege that he is in imminent danger; he is not required to make a "showing" to that effect. *Id.* The Sixth Circuit concluded that Plaintiff adequately made such an allegation and permitted him to proceed IFP pursuant to § 1915(g). *Id.*

This Court agrees that the Sixth Circuit's decision regarding Plaintiff's alleged mistreatment necessitates a reconsideration of the Court's analysis. Motions for reconsideration are governed by

Local Rule 7.4 which provides in part that "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Plaintiff argues that the Sixth Circuit's favorable ruling with regard to his IFP status should persuade the Court to reverse its prior, contrary ruling, which denied him leave to proceed IFP.

The Sixth Circuit determined that Plaintiff sufficiently pleaded imminent danger when his special diet at the Jackson facility was changed. Plaintiff now claims he experienced similar treatment at the Muskegon Heights facility. This treatment, according to Plaintiff, caused complications to arise from his diabetes (Pl.'s Compl., Dkt 1 at 6). Plaintiff specifically avers that he had parts of both feet removed as a result of inattention to his medical needs (*Id.* at 7). Given the similarity of these allegations to those at issue before the Sixth Circuit, it follows that Plaintiff's statements in this case sufficiently allege that he is currently in imminent danger of serious physical harm at the Muskegon Heights facility. Therefore, Plaintiff's Objection (Dkt 63) to the Report and Recommendation is granted; he may proceed IFP pursuant to the PLRA's imminent danger exception. 28 U.S.C. § 1915(g).

The Court notes that in addition to seeking reinstatement of his IFP status and to "reopen the case," Plaintiff requests the Court's consideration of his pending Motion for Leave to File Amended Complaint (Dkts 71 & 72 at 2). The Magistrate Judge has not yet considered that Motion (Dkt 46), and the Court, therefore, makes no ruling with respect to that request.

**THEREFORE, IT IS ORDERED** that Plaintiff's Objection (Dkt 64) is GRANTED, and the Magistrate Judge's Report and Recommendation (Dkt 63) is REJECTED.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Order to Reinstate *In Forma Pauperis* Status" (Dkt 71) and "Motion to Reopen Case" (Dkt 72) are GRANTED, and Plaintiff's *In Forma Pauperis* status is REINSTATED pursuant to the terms of the Court's January 20, 2010 Order (Dkt 6).

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Order in Opposition to Report and Recommendation or, Alternatively, to Hold Case in Abeyance" (Dkt 66) is DENIED AS MOOT, the decision of the Sixth Circuit having since been rendered and now fully considered.

Date: June 27, 2011                                             /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                United States District Judge