UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Plaintiff,                             Hon. Janet T. Neff

v.                                                 Case No. 1:10 CV 41

CORRECTIONAL MEDICAL
SERVICES, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for TRO and Appointment of Counsel. (Dkt. #131). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff initiated this action alleging that Defendants have failed to provide him with appropriate medical treatment in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also asserts that Defendants violated his rights under the Americans with Disabilities Act (ADA) by excluding him from participation in or denying him the benefit of various services and accommodations. On December 29, 2011, the undersigned recommended that Defendants' motions for dismissal and summary judgment be granted and this action terminated. Plaintiff subsequently filed the present motion in which he requests unspecified injunctive relief or, in the alternative, the appointment of counsel.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has submitted no evidence in support of his motion, but instead just advances unsubstantiated and unsworn complaints concerning his medical care. As noted above, the undersigned has recommended that Defendants' motions for dismissal and summary judgment be granted and this action terminated. Thus, Plaintiff cannot show he is likely to prevail on the merits in this matter. The Court cannot determine whether Plaintiff would suffer irreparable harm in the absence of injunctive

relief as Plaintiff has failed to articulate what relief he is seeking. The undersigned likewise concludes that it would not be in the public interest to interfere in the day-to-day operations of a correctional facility in the absence of any evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be denied.

The undersigned also recommends that Plaintiff's motion for the appointment of counsel be denied. Motions to appoint counsel in civil actions are generally allowed only in "exceptional" circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"). When examining requests for the appointment of counsel, courts generally consider factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present his case, and (5) the complexity of the legal issues presented. *See McKeever v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06. The Court finds absent the factors warranting the appointment of counsel. Accordingly, the undersigned recommends that Plaintiff's motion for the appointment of counsel be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for TRO and Appointment of Counsel, (dkt. #131), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                         Respectfully submitted,

Date:  February 21, 2012                         /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge