UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

    Defendants.

_____/

Case No. 1:10-cv-41

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment and motions to dismiss. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motions. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant Correctional Medical Services, Inc. (CMS) has filed a response to the objections, to which Plaintiff has filed a reply. Furthermore, Plaintiff has filed a sur-reply relating to CMS's objection to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Also before the Court is Plaintiff's Motion for Relief from the August 31, 2011 Order of the Magistrate Judge. Having fully considered the arguments presented in the objections, response, reply, and sur-reply, the Court denies the objections, denies Plaintiff's motion and issues this Opinion and Order.

Plaintiff objects to the following determinations of law and findings of fact in the Report and Recommendation: (1) that his claims accrued ninety days after he filed his Step I grievance (Pl. Obj., Dkt 137 at 2; R & R, Dkt 128 at 15); (2) that his claims are time-barred (*id.* at 8; R & R, Dkt 128 at 16); (3) that he has failed to state a claim against Defendant CMS (Pl. Obj., Dkt 137 at 13; R & R, Dkt 128 at 19); (4) that he has failed to state a claim against Defendants Michigan Department of Corrections (MDOC) and the State of Michigan (Pl. Obj., Dkt 137 at 17; R & R, Dkt 128 at 20); (5) that his state law claims should be dismissed (Pl. Obj., Dkt 137 at 21; R & R, Dkt 128 at 22); and (6) that he is not entitled to more discovery (Pl. Obj., Dkt 137 at 21; R & R, Dkt 128 at 23). Plaintiff also moves for relief from the Magistrate Judge's August 31, 2011 Order, objecting generally to the removal of Craig Hutchinson as a defendant (Pl. Obj., Dkt 137 at 24-25). Finally, Plaintiff argues for the first time that his claim is subject to equitable tolling (*id.* at 5-7).

In its objection to the R & R, Defendant CMS asserts that the Magistrate Judge erred in determining that Plaintiff properly exhausted his claims (Def.'s Obj., Dkt 156 at 5). In his sur-reply to CMS's objection, Plaintiff supports the Magistrate Judge's determination and contends that CMS has not offered any authority to support its claim that he failed to exhaust his administrative remedies (Pl. Sur-reply, Dkt 168 at 1-2). Plaintiff asserts that in its objection to the R & R and in its subsequent reply, CMS "again merely twist[] words and dates to bring a new argument and/or analysis" (*id.* at 2).

### I. Exhaustion and the Statute of Limitations

A.  *Objections and Sur-reply*

Plaintiff first objects to the Magistrate Judge's determination that his limitations period began to run ninety days after he filed his Step I grievance and that his claims are consequently time-barred

(Pl. Obj., Dkt 137 at 2, 8). It is well established in this Circuit that the limitations period for an action brought by a prisoner under 28 U.S.C. § 1983 is tolled while the prisoner exhausts his administrative remedies per 42 U.S.C. § 1997e(a). *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Several cases in the Western District of Michigan have held that the tolling ends when the prisoner receives a Step III response to his grievance or the date by which the grievance process is required to be completed by the Michigan Department of Corrections (MDOC) policy, whichever is earlier. *See, e.g., Threatt v. Olger*, No. 2:10-cv-13, 2010 WL 1848515, at *5 (W.D. Mich. May 7, 2010); *Brandon v. Bergh*, No. 2:09-cv-179, 2009 WL 4646954, at *3 (W.D. Mich. Dec. 8, 2009); *Skinner v. Reynolds*, No. 2:08-cv-112, 2008 WL 5156618, at *2 (W.D. Mich. Dec. 8, 2008).

The Magistrate Judge determined that Plaintiff exhausted his administrative remedies with respect to his claims against the remaining Defendants (R & R, Dkt 128 at 10). Noting that Plaintiff initiated his grievance on August 26, 2006, the Magistrate Judge determined, based upon *Threatt* and *Skinner*, that the limitations period was tolled until November 26, 2006, ninety days after Plaintiff initiated the grievance, irrespective of when Plaintiff actually received a Step III response (*id.* at 16). The Magistrate Judge concluded that Plaintiff's claims are therefore time-barred, because he filed his complaint more than three years after the limitations period began to run (*id.* at 17).

Although Plaintiff objects to the Magistrate Judge's application of the "earlier of" rule to his case (Pl. Obj., Dkt 137 at 2, 8), this Court need not reach the issue. For reasons explained *infra*, Plaintiff's case is properly dismissed for failure to state a claim upon which relief can be granted, without invoking the statute of limitations. Plaintiff's objection is therefore denied. Furthermore, based on the fact that the case can be properly dismissed for failure to state a claim, this Court need

not address Plaintiff's assertion that the Magistrate Judge correctly determined that his claims were properly exhausted.

B.  *Equitable Tolling*

Plaintiff argues for the first time in his Objections that his claim should be subject to equitable tolling (Pl. Obj., Dkt 137 at 5-7).  Alternatively, Plaintiff argues in his reply that MICH. COMP. LAWS § 600.5851(9) tolls his claim indefinitely (Pl. Reply, Dkt 149 at 3).  Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Issues not raised in the complaint to the Magistrate Judge are deemed waived.  *Id.*; *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).  Further, as has been stated elsewhere in this circuit, "'litigants cannot be permitted to use litigation before a magistrate judge as something akin to spring training exhibition game, holding back evidence for use once the regular season begins before the district judge.'"  *Dyer v. Montgomery County Jail*, No. 3:10-cv-129, 2011 WL 1322896, at *4 (M.D. Tenn. Apr. 6, 2011) (quoting *Housing Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005)).  Plaintiff's arguments with respect to equitable tolling are therefore waived.

Even if the issues of equitable tolling and tolling under MICH. COMP. LAWS § 600.5851(9) were not waived, Plaintiff's arguments that his claims should be tolled are without merit.  To demonstrate entitlement to equitable tolling, a Plaintiff much establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, ___ U.S. ___; 130 S. Ct. 2549, 2562 (2010).  While Plaintiff makes numerous allegations in his Objections as to why his filings were late, none clearly demonstrate an extraordinary

circumstance that stood in his way. Further, Plaintiff has offered no evidence that he was diligent in pursuing his claim.

Additionally, MICH. COMP. LAWS § 600.5851(9) tolls claims that accrued (1) while the plaintiff was in prison, and (2) prior to 1993. While Plaintiff has been imprisoned since the early 1980s, this present action is for claims that accrued well after 1993.

Plaintiff's arguments are without merit, and his objection is therefore denied.

## II.  Failure to State a Claim

Plaintiff asserts that the Report and Recommendation is "rife with a conclusion of legaless [sic]", "specious", and "a fiasco" (Pl. Obj., Dkt 137 at 12). Plaintiff claims that the Magistrate Judge's recommendations are "not only fundamentally inconsistent with clearly established federal law . . . but absolutely absurd" (*id.*). Plaintiff further asserts that the Magistrate Judge "mischaracterized Plaintiff's claims and ignored the well pleaded allegations and improperly placed upon Plaintiff a heightened pleading" standard (*id.*). Plaintiff's arguments are without merit.

A.   *Defendant CMS*

Plaintiff argues that his pleadings, responses, and affidavits "are replete with sufficient plausible facts" to state a claim against Defendant CMS (Pl. Obj., Dkt 137 at 13). Plaintiff asserts that he "clearly identified a particular policy, connected that policy to . . . [Defendant] CMS, and demonstrated that the particular injuries alleged resulted from the execution of that particular policy" (*id.*). Plaintiff also alleges that "it is clear the Magistrate [Judge] could not have read the Plaintiff's *pro se* pleadings . . . because had the Magistrate [Judge] actually read Plaintiff's responses and affidavit the Plaintiff's facts would have 'LEAPED OUT' [sic] at her sufficient to raise Plaintiff's claim for relief 'above the speculative level'" (*id.* at 14) (emphasis in original). Plaintiff attempts

5

to bolster his argument with citations to a wide variety of legal authorities in support of his position that he has alleged sufficient facts to state a claim and that he was subjected to an overly strict pleading standard (*id.* at 15-16).

The Magistrate Judge correctly applied the principles of *Iqbal* and *Twombly* to determine that Plaintiff has failed to state a claim against Defendant CMS (R & R, Dkt 128 at 20). The Magistrate Judge noted that the "essence of Plaintiff's claim is that CMS is a for-profit corporation and that in pursuit of profits acted with deliberate indifference" (*id.*). Reading Plaintiff's pleadings, responses, and affidavits together and taking the allegations therein to be true, the Court agrees with the Magistrate Judge that his allegations are merely "[t]hreadbare recitals of the elements of" an Eighth Amendment deliberate indifference claim that are "supported by mere conclusory statements," which "do not suffice" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). Plaintiff's arguments to the contrary are without merit, and his objection is therefore denied.

B.  *Defendants MDOC and State of Michigan*

Plaintiff asserts that "the Magistrate [Judge] implores misdirection and mischaracterized Plaintiff's claims under Title II of the ADA [Americans with Disabilities Act] and the law Plaintiff relies on" with regard to his claims against Defendants MDOC and the State of Michigan (Pl. Obj., Dkt 137 at 18). Plaintiff further claims that his filings are "complete with sufficient facts that [Plaintiff] was subjected to discrimination because of his being diabetic . . ." (*id.* at 20). Plaintiff argues that the Magistrate Judge was wrong to reject his claim for his failure to allege that the discrimination he claims to have suffered was "intentional" and based "solely" on his disability (*id.*).

Plaintiff argues that because of the more liberal pleading standards applied to *pro se* litigants, this omission should be overlooked (*id.*).

Contrary to Plaintiff's arguments, "intentional" acts of discrimination based "solely" on a person's disability are essential elements of a claim for relief under the ADA. *See Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). Even if Plaintiff's failure to specifically allege that the discrimination was based "solely" on his disability were excusable, his claim would still fail. Plaintiff alleges in his Affidavit that Defendants' allegedly discriminatory policy is "discriminatory on its face because it rested on stereotypes of the disabled rather than an individualized inquiry into my medical care . . ." (Aff., Dkt 123-2 ¶ 29). As the Sixth Circuit has noted, however, "acts . . . which have a disparate impact on disabled persons in general [are] not specific acts of intentional discrimination against [Plaintiff] in particular." *Dillery*, 398 F.3d at 568 (quoting *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997)). Because the allegedly discriminatory policy would have "a disparate impact on disabled persons in general," Plaintiff has failed to state a claim for relief under Title II of the ADA. Plaintiff's argument to the contrary is without merit, and his objection, therefore, is denied.

### III. State Law Claims

Plaintiff "moves the Court to remand to the proper State Court" his pendant state law claim for deliberate infliction of mental and emotional distress "so there will be no issue of proper exhaustion of this issue" (Pl. Obj., Dkt 137 at 21). Plaintiff provides no basis for his concern about proper exhaustion, nor does he offer any arguments challenging the Magistrate Judge's reasoning in recommending the claim be dismissed without prejudice. The objection is therefore denied.

### IV. Plaintiff's Rule 56(d) Motion

Plaintiff objects to the Magistrate Judge's determination that he is not entitled to further discovery (Pl. Obj., Dkt 137 at 21; R & R, Dkt 128 at 23). Plaintiff argues that he was unaware of the need to submit supporting affidavits detailing what material he was seeking, or in the alternative, opines that what he has already submitted satisfies Rule 56(d) (Pl. Obj., Dkt 137 at 23). Plaintiff has neither challenged the substance of the Magistrate Judge's reasoning nor attempted to cure the defect in his motion. His objection is therefore denied.

## V. Removal of Defendant Hutchinson

Finally, Plaintiff objects to the Magistrate Judge's August 31, 2011 Order (Dkt 103) that denied his Motion for Leave to File a Second Amended Complaint that would reinstate Defendant Hutchinson (Pl. Obj., Dkt 137 at 24-25). The Court construes this objection as a Motion for Relief from an Order under FED. R. CIV. P. 60(b)(1). Relief from an order is available under Rule 60(b)(1) "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.2000)).

Plaintiff argues that it was error that "the Magistrate [Judge] failed to address the merits [of the Motion for Leave to File a Second Amended Complaint] involving former [Defendant Hutchinson]" when she only found that the Motion "was untimely and presented in bad faith" (Pl. Obj., Dkt 137 at 25). Reviewing the Order and Plaintiff's subsequent submissions, the Court finds that Plaintiff has not demonstrated any legal or factual errors. Plaintiff's request for relief from the August 31, 2011 Order is therefore denied.

## VI. Conclusion

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 137) are DENIED and the Report and Recommendation (Dkt 128) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 107) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 115) is GRANTED.

**IT IS FURTHER ORDERED** that Count IV of the Amended Complaint (Dkt 78) is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: September  7 , 2012          /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge